UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JILL C., o/b/o S.R.J.L., | |
| Plaintiff, | Case No. C24-5562-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income ("SSI"). Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical evidence and Plaintiff's testimony. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 11.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in January 2012, has a limited education, and has no past relevant work. AR at 39. In May 2021, Plaintiff's mother protectively applied for benefits on behalf of Plaintiff, alleging disability as of May 2021. *Id.* at 38. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After conducting a hearing on October 18, 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 38, 51.

Using the three-step disability evaluation process for a child under eighteen,[2] the ALJ found, in pertinent part, Plaintiff had the severe impairments of mosaic Klinefelter syndrome and learning disability/delay. AR at 40. He did not have an impairment or combination of impairments that functionally equaled the severity of the listings. *Id.* at 43.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-4. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

---

[2] 20 C.F.R. § 416.924.

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.   DISCUSSION

When considering claims of childhood disability, the Commissioner engages in a three-step sequential evaluation to determine: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a medically determinable "severe" impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. 20 C.F.R. § 416.924.

To resolve if a medically determinable severe impairment or combination of impairments functionally equals a listed impairment, the Commissioner evaluates the child's ability in six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two of the domains or an "extreme" limitation in one

ORDER - 3

domain. 20 C.F.R. § 416.926a(d). A marked limitation exists if an impairment seriously interferes with a claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). The regulations pertaining to children do not contemplate an RFC analysis.[3] 20 C.F.R. § 416.926a.

### A. The ALJ Did Not Err in Evaluating Medical Opinion Evidence

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence because he did not consider the medical opinion of Dr. Jennifer Austin, Plaintiff's pediatrician and primary care provider. (Dkt. # 9 at 3.) The Commissioner argues that the ALJ did not err because (1) the record does not contain a medical opinion of Dr. Austin, as she did not complete the report in question, (2) the report does not qualify as a medical opinion, and (3) the evaluation predates the alleged disability onset date by over a year. (Dkt. # 11 at 4-5.)

The ALJ found that Plaintiff had a marked limitation in the domain of acquiring and using information, and a less than marked or no limitation in the five remaining domains. AR at 44. Plaintiff argues the ALJ should have assessed a marked limitation in Plaintiff's ability to attend to and complete tasks based on Dr. Austin's opinion. (Dkt. # 9 at 4.)

The regulations applicable to this case require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The SSA's regulations define a medical opinion as "a statement from a medical source about what [Plaintiff] can still do despite [their] impairment(s) and whether [they] have one or more impairment-

---

[3] To the extent that Plaintiff argues the ALJ erred in assessing his RFC, the Court evaluates these arguments in relation to the six domains of functioning that are applicable in this case.

related limitations or restrictions" in their ability to function in the six domains discussed above. 20 C.F.R. § 416.913(a)(2)(ii).

Plaintiff points to an initial physical therapy assessment as the opinion of Dr. Jennifer Austin. (Dkt. # 9 at 4.) While this evaluation was signed in September 2020 by Dr. Austin as referring physician, Physical Therapists Tara Johnson and Denise Wentzel completed the evaluation in March 2020.[4] AR at 862. Therefore, as physical therapists are not acceptable medical sources, the ALJ was not required to articulate the persuasiveness of this evaluation under the regulations applicable to medical opinions. *See* 20 C.F.R. § 416.902(a). While the record is replete with visit notes composed by Dr. Austin, none of the notes indicate what Dr. Austin thinks Plaintiff can still do even with his impairments or discusses Plaintiff's impairment related restrictions. Generally, they reflect observations and instructions for acute illnesses and injuries. *See*, *e.g.*, AR at 564 (describing a visit with Plaintiff due to a cough). Accordingly, the record did not contain an opinion of Dr. Austin which the ALJ was required to consider.

Even if by signing the evaluation Dr. Austin were adopting this opinion as her own, Plaintiff has not shown harmful error. The initial March 2020 evaluation at issue indicated that Plaintiff could follow one to two step directions 80% of the time. AR at 857. Plaintiff argues consideration of this evaluation should have resulted in the ALJ finding a marked limitation in the "attending and completing tasks" domain of functioning. (Dkt. # 9 at 4.) But, Physical therapists conducted three additional evaluations in September 2021, April 2022, and April 2023. AR at 1722-27, 1780-86. These subsequent evaluations, conducted after the alleged disability date of May 2021, indicate improvement in all areas evaluated. *See id.* at 1722. In April 2022, he

---

[4] While neither PT Wentzel nor PT Johnson signed the opinion, the assessment concludes "If you have any questions . . . email me at dewentzel@[business URL]." AR at 862.

ORDER - 5

1  could follow one to two step instructions consistently, and he could follow two to three step
2  directions by April 2023. AR at 1723, 1781.

3  Additionally, in determining Plaintiff's abilities in the six domains of functioning, the
4  ALJ considered Plaintiff's individual education plan ("IEP") progress reports, which indicated
5  that by May 2023 he had met the progress goals in his abilities to follow two to three step
6  directions 80% of the time, an improvement of his ability to follow multi-step directions with
7  70% accuracy in March 2022. AR at 1560, 1571. This finding is essentially duplicative of the
8  progress noted in the physical therapy evaluations. "An ALJ need not discuss evidence that is
9  neither significant nor probative where it is duplicative of another piece of evidence that the ALJ
10 does discuss." *Nielsen v. Colvin*, No. 23-35619, 2024 U.S. App. LEXIS 32458, at *4 (9th Cir.
11 Dec. 23, 2024) (cleaned up). The ALJ incorporated the findings of this IEP update into his
12 evaluation of Plaintiff's impairments in the six domains of functioning. AR at 46. Plaintiff has
13 not shown that an evaluation completed a year prior to May 2021, when disability is alleged, is
14 so significant as to require the ALJ to discuss it. Accordingly, even if the ALJ erred in not
15 considering the physical therapy evaluation signed by Dr. Austin, the error is harmless as
16 progress notes completed after the alleged disability date indicate improvement and the opinion
17 does not differ from other evidence considered by the ALJ.

18 **B.    The ALJ Did Not Err in Evaluating Lay Witness Evidence**

19 Plaintiff additionally alleges the ALJ erred by not properly assessing the subjective
20 symptom testimony of the Plaintiff. (Dkt. # 9 at 4-6.) But the testimony cited by Plaintiff is that
21 of his mother, Jill C., not his own. (*Id.* at 5.) In the Ninth Circuit, the commissioner evaluates
22 testimony of third parties, including parents of child claimants, under the standard applicable to
23 lay witnesses. *See Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000) (citing

ORDER - 6

*Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Following the 2017 regulation amendments, the ALJ is not required to provide a written analysis of evidence from every nonmedical source. 20 C.F.R. § 416.920c(d); *Fryer v. Kijakazi*, 2022 WL 17958630 at *3 n.1 (9th Cir. Dec. 27, 2022). But an ALJ is required to consider all evidence of record, which includes observations made by Plaintiff's parents, caregivers, neighbors, early intervention, or other school programs. *See* 20 C.F.R § 416.924a(a).

The ALJ considered and summarized Jill C.'s testimony of Plaintiff's impairments. AR at 45. The ALJ found that, while Plaintiff's impairments could cause some of the alleged symptoms, Jill C.'s testimony about the intensity, persistence and limiting effects of these symptoms was not entirely consistent with (1) the medical evidence, (2) Jill C.'s own previous reports of Plaintiff's functioning, and (3) other evidence in the record. *Id.* at 45-47. To the first point, the ALJ found the medical opinion of Dr. Donahue that Plaintiff only had marked limitation in acquiring and using information contradicted the testimony of more severe limitations. *Id.* A function report completed by Jill C. indicated Plaintiff had a higher level of functioning than she testified to at the hearing. *Id.* at 45-46, 269-77. Similarly, various other educators, counselors, therapists, and medical professionals opined to limitations in line with those assessed by the ALJ. *See, e.g., id.* at 47 (referencing notes from 2021-23 indicating Plaintiff exhibited "mild" functional difficulties). The ALJ provided germane reasons to discount the testimony of Jill C. Accordingly, the ALJ did not err in evaluating the lay witness testimony.

ORDER - 7

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 23rd day of January.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8